STATE of Missouri,
Plaintiff-Respondent,

v.

Bobby G. MAHANEY,
Defendant-Appellant.

No. 62284.

Supreme Court of Missouri,
En Banc.

Dec. 8, 1981.

James W. Drese, Chesterfield, for defendant-appellant.

John Ashcroft, Atty. Gen., John C. Reed, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MORGAN, Judge.

Appellant, Bobby G. Mahaney, was found guilty by a jury of murder in the first degree, § 565.003, RSMo 1978, and kidnapping, § 565.110, RSMo 1978, for the abduc-

tion and killing of one Donald L. Sanders.[1] He was sentenced by the court to life imprisonment on the murder charge and fifteen years on the kidnapping charge with the terms to run consecutively. Exclusive jurisdiction for the appeal lies in this Court by virtue of Art. V, § 3, Mo.Const. (as amended 1976).

There being no challenge to the sufficiency of the evidence to support the conviction, only a brief recitation of the facts is necessary. During the early morning hours of November 24, 1979, appellant was hitchhiking along Highway 70 in Warren County because of a mechanical failure in the auto he was driving. Sanders, while on his way deer hunting, offered appellant a ride in his pickup. Thereafter, appellant took a 30.06 caliber deer rifle which was in the vehicle, relieved Sanders of his wallet and took him to a deserted mobile home on Highway J in Warren County. Once inside, the appellant shot and killed Mr. Sanders with his own rifle.

On the night of the 24th, appellant was apprehended in a motel near Wentzville and taken to the Troop C Headquarters of the Missouri Highway Patrol near Kirkwood. There, appellant made oral statements in the presence of county and highway patrol officers wherein he admitted that he had shot Sanders, that he had taken the rifle and that he had taken the truck. A videotape thereof was made.

For his first point on appeal, appellant alleges that the trial court erred in denying his motions to suppress the confession and the videotape on the grounds that he was subjected to custodial interrogation while under the influence of alcohol and marijuana. He alleges that his "condition" at that time precluded his effective waiver of his right to remain silent and right to counsel. The contention lacks merit in light of well established law.

█ Allegations by a criminal defendant that his inculpatory statements, while being held in custody, are not admissible because involuntarily made create a situation where the state must bear the burden of proving the voluntariness of the confessions. *Lego v. Twomey*, 404 U.S. 477, 486, 92 S.Ct. 619, 625, 30 L.Ed.2d 618, 626 (1972); *State v. Hughes*, 596 S.W.2d 723, 726 (Mo. banc 1980). The state must prove that the statements were in fact voluntary by a preponderance of the evidence. *Lego, supra; Hughes, supra*. On appeal, the question is "whether the evidence was sufficient to sustain the trial court's finding that the statement was voluntarily given." *Hughes, supra*, at 727, citing *State v. Alewine*, 474 S.W.2d 848, 852 (Mo.1971). In the case at bar, appellant alleges that he was incapable of understanding his rights because he was under the influence of alcohol and marijuana.

█ Preliminarily, we note that appellant was informed of his "Miranda" rights three times before his statements were made; that there is no claim that any promises were made to him; that no threats were made or that he made the statements because of fear; and, that he signed a "Miranda" warning card and a "Miranda" rights waiver.

A similar argument was presented before this Court in *State v. Smith*, 598 S.W.2d 118 (Mo.1980), in which the appellant claimed that "because of low intelligence and intoxication [appellant] could not have understandingly waived her constitutional rights." *Id.* at 122. In responding, this Court cited with approval the language of *State v. Hindman*, 543 S.W.2d 278 (Mo.App. 1976), which held, at 285:

It is generally agreed ... that drug influence or intoxication at the time of making a statement or confession does not require exclusion because not voluntarily, knowingly and intelligently made unless the intoxication or drug influence amounts to mania. The fact of drug influence and intoxication, absent mania, only goes to the credibility and weight of

---

1. Additional charges of Robbery in the First Degree and Armed Criminal Action were dismissed prior to trial.

the statement. Before exclusion is required, it should appear that defendant was so intoxicated or influenced that he was unable to appreciate the consequences and nature of his statements. 598 S.W.2d at 123.

The evidence provided this Court does not demonstrate mania or the inability to appreciate the consequences and nature of the statements made. The admitted drug and alcohol use was during the early morning hours of November 24; appellant was not taken into custody until approximately 6:00 p. m. that evening, and not questioned at Troop C Headquarters until approximately 10:00 p. m. The officers who arrested and later questioned appellant testified that when he waived his rights to counsel and to remain silent, he did not appear to be under the influence of drugs or alcohol, nor did they smell alcohol on his breath. Additionally, the sheriff who made the arrest was well acquainted with appellant, and testified that nothing about his condition or demeanor led him to believe that he could not understand his rights as given. The sheriff testified that appellant was calm for the most part, only becoming noticeably nervous and lowering his voice when telling the officers about "pulling the trigger" of the hunting rifle.

We must conclude, from the record presented, that the evidence was sufficient to sustain the trial court's finding that the statement was voluntarily given, *Hughes, supra; Alewine, supra,* and that any drug influence or intoxication present did not amount to mania or render appellant unable to appreciate the consequences and nature of his statements. *Hindman, supra.* Therefore, no relief may be given appellant on the grounds stated in his first point.

■ His second and third points both deal with alleged inconsistencies in the jury verdict. Appellant contends that the trial court erred in entering the first degree murder (felony murder) verdict because the jury subsequently acquitted appellant of the underlying felony, *i.e.,* the robbery of Sanders. He argues that since he was not found guilty of robbery, he could not be guilty of felony murder. However, the allegations lie upon a faulty premise. Appellant was "not acquitted" of the robbery as that count had been dismissed. However, the verdict returned as to the murder necessarily included a factual finding of his commission of the robbery.

■ The jury was properly instructed upon first degree murder, MAI–CR 15.12, which reads:

As to Count One if you find and believe from the evidence beyond a reasonable doubt:

FIRST, that on or about November 24, 1979, in the County of Warren, State of Missouri, the defendant caused the death of Donald L. Sanders by shooting him, and

SECOND, that he did so in robbing or attempting to rob Donald L. Sanders then you will find the Defendant guilty of murder in the first degree.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he is armed with a deadly weapon.

If you do find the defendant guilty under Count One of murder in the first degree you will fix his punishment at life imprisonment.

Thus, to convict the appellant the jury had to find that he caused the death of Sanders by shooting him and that he did so in robbing or attempting to rob him. The jury was also instructed, as to Count I, that if they did not find the appellant guilty of murder in the first degree they should consider whether he was guilty of robbery in the first degree. That instruction, MAI–CR 23.02, appeared as follows:

If you do not find the defendant guilty under Count One of murder in the first degree, then you must consider whether he is guilty of robbery in the first degree.

As to Count One if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about November 24, 1979 in the County of Warren, State of Missouri, the defendant stole one motor vehicle and one rifle owned by Donald L. Sanders, and

Second, the defendant in doing so used physical force against Donald L. Sanders for the purpose of preventing resistance to the taking of the property, and

Third, that in the course of stealing the property the defendant was armed with a deadly weapon,

Then you will find the defendant guilty under Count One of robbery in the first degree.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

If you do find the defendant guilty under Count One of robbery in the first degree, then you will assess and declare his punishment at:

1. Life imprisonment, or

2. Imprisonment for a term fixed by you but not less than ten years and not to exceed thirty years.

As the respondent correctly points out, the court properly "instructed down" on the robbery in the first degree since the felony relied on to prove intent reference first degree murder is a lesser included offense of the murder. *State v. Morgan*, 592 S.W.2d 796 (Mo. banc 1980), *vacated*, 449 U.S. 809, 101 S.Ct. 56, 66 L.Ed.2d 12 (1980), *orig. opn. aff'd*, 612 S.W.2d 1 (Mo. banc 1981). See also: *State v. Smith*, 592 S.W.2d 165 (Mo. banc 1979). Both points lack merit.

Finding no error, the judgment is affirmed.

All concur.