STATE of Missouri, Respondent,

v.

Charles GRAHAM, Appellant.

No. WD 55979.

Missouri Court of Appeals,
Western District.

Oct. 5, 1999.

Ellen H. Flottman, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Linda K. Lemke, Asst. Atty. Gen., Jefferson City, for respondent.

Before Judge LAURA DENVIR STITH, Presiding Judge HAROLD L. LOWENSTEIN and Judge ALBERT A. RIEDERER.

LAURA DENVIR STITH, Judge.

Defendant–Appellant, Charles Graham, was convicted of second degree murder under Section 565.021.1(2) RSMo 1994,[1] for the death of David Alexander in an explosion at a methamphetamine laboratory, and was sentenced to 30 years in prison. He was also charged with common law attempt to manufacture a controlled substance in violation of Section 195.211, a Class B felony, and was sentenced to 15 years in prison, both sentences to run consecutively.

Defendant's only point on appeal is that the trial court committed plain error when it instructed the jury to find Defendant guilty of attempt to manufacture a controlled substance if it found that he took a substantial step to commit the offense, as this is the standard of proof for the inchoate statutory offense of attempt to commit a crime, set out in Section 564.011, not for the specific crime of common law attempt to manufacture a controlled substance in violation of Section 195.211, the crime with which he was charged. The latter offense requires the jury to find elements not required by Section 564.011 and not included in the jury instructions given below. The State agrees that the instruction submitted statutory attempt under Section 564.011 rather than the common law attempt with which Defendant was charged, but argues the State had the option of submitting the lesser degree of attempt set out in the statute, and that in any event no prejudice resulted since the evidence which would have supported the higher submission was uncontested.

This Court finds the trial court committed plain error in sentencing Defendant to a Class B felony of common law attempt to manufacture a controlled substance where, as here, the case was submitted as substantial step attempt under Section 564.011, a Class C felony carrying a far lesser sentence. Because this was a jury-sentenced case, we reverse and remand for a new trial on this charge. Our reversal and remand of the attempt submission does not require us to reverse the conviction for felony murder, however, as the jury properly found that Defendant committed murder in the course of committing an attempt to manufacture a controlled substance in violation of Section 564.011, and no error was made in instructing the jury as to the proper sentencing range for that crime.

## I. STATEMENT OF FACTS

Considered in the light most favorable to the verdict, the record shows that Defendant and Mr. Alexander, both users of methamphetamine, had been friends since

---

**1.** All statutory references are to RSMo 1994 unless otherwise indicated.

approximately 1986. In the spring of 1996, Defendant became acquainted with Mr. Duncan, who taught him how to manufacture methamphetamine. In the few months before the fire, Defendant asked his long time friend, Mr. Alexander, to make methamphetamine with him.

In pursuance of this plan, Defendant rented property upon which was located a white trailer and a shed. On September 1, 1996, he moved a mobile home onto the property, and began to live there. He bought several pounds of iodine crystals, a substance necessary for the manufacture of methamphetamine, purchased a brown utility trailer filled with equipment used in the manufacturing of methamphetamine, allowed Mr. Alexander to move into the mobile home with him, and they began to manufacture methamphetamine.

From evidence found in the house, the jury could infer that Defendant, Mr. Alexander, and Mr. Duncan had already been producing various batches of methamphetamine in the shed. At the time of the explosion, however, only Mr. Alexander and Mr. Duncan were in the shed. Defendant says this was because he was not involved in production of that batch of the drug and so did not commit the charged attempt to manufacture a controlled substance. Rather, Defendant testified, on the night before the explosion he was awakened by Mr. Duncan, who asked whether he could produce methamphetamine on Defendant's property. Defendant says he denied this request and went back to sleep, only to be jarred from sleep at 10 a.m. the following morning by the screams of Mr. Alexander and Mr. Duncan. The State presented contrary evidence that Defendant was simply in the mobile home working on other parts of the manufacturing process, however, and was a participant in the crime who was simply lucky enough not to be in the shed when the explosion occurred.

In any event, it appears that on the morning of the explosion, in an effort to quicken the pace of production in the shed, Mr. Alexander stirred an extremely volatile chemical solution with an electric paddle. This caused sparks to ignite the solution, leading to an explosion. Mr. Duncan was severely burned by the explosion. He ran from the shed, where he was found by a woman who immediately drove him to Cass County Hospital. Mr. Alexander was in even worse shape when he emerged from the shed, but was not immediately given medical attention, and lay collapsed on the ground instead. A couple who noticed the smoke drove up, saw Mr. Alexander, and offered assistance to Defendant. After initially rejecting this offer, Defendant only allowed the husband to move his cars away from the burning shed, while Defendant carried Mr. Alexander into his mobile home. The couple called 911. Eventually, Mr. Alexander was found in the mobile home, lying on the floor, and received medical attention. Blood tests showed that he had ingested methamphetamine only a few hours earlier. As a result of severe second and third degree burns, Mr. Alexander died the next day.

In searching the premises, including the vehicles brought onto the property by Defendant, the police found extensive evidence of methamphetamine production in the debris from the explosion in such places as Defendant's truck, the brown utility trailer, the motor home, the car port area, the Corvette, the white utility trailer, and a boat they found on the property. The police officers' search of the mobile home also revealed the existence of ephedrine in an array of different containers on the kitchen counter and in the kitchen cabinets, in the drawer next to the refrigerator, in the freezer, and in the bathroom. The police located other materials related to methamphetamine manufacture in the mobile home, including methamphetamine, a glass pipe, two receipts for the purchase of acetone, Red Devil Lye, plastic gloves, a funnel, and plastic tubing. Lastly, the police searched a safe in the living room and found a large amount of cash, a number of firearms, Defendant's receipt for the purchase of the mobile home, the lease agreement for the property, a book on how to

manufacture methamphetamine, and two lists of ingredients required for the production of methamphetamine.

After hearing all the evidence and pursuant to the instructions provided by the trial court, the jury found Defendant guilty of felony murder and statutory attempt to manufacture a controlled substance, and recommended prison sentences of 30 years and 15 years, respectively. The court sentenced him in accordance with the jury's verdict. This appeal followed.

## II.  STANDARD OF REVIEW

■ Defendant failed to object below to the lower court's alleged error in instructing the jury on statutory attempt under Section 564.011 when the information charged Defendant with common law attempt under Section 195.211, but asks us to review for plain error. Error is plain if, on its face, we find substantial grounds to believe that the error affected substantial rights and caused manifest injustice or a miscarriage of justice. *State v. Brown*, 902 S.W.2d 278, 284 (Mo. banc 1995), *cert. denied*, 516 U.S. 1031, 116 S.Ct. 679, 133 L.Ed.2d 527 (1995); *State v. Hadley*, 815 S.W.2d 422, 423 (Mo. banc 1991).

## III.  ATTEMPT SUBMISSION

Defendant was charged with one count of attempt to manufacture a controlled substance in violation of Section 195.211. Under Section 195.211, the crime of manufacturing controlled substances, and the crime of attempting to do so, have both been held to be Class B felonies. *State v, Reyes*, 862 S.W.2d 377, 383 (Mo.App. S.D. 1993). Although Section 195.211 does not specifically define "attempt," Missouri courts have ruled that under this provision the term attempt "bears the common law meaning." *State v. Motley*, 976 S.W.2d 502, 505 (Mo.App. E.D.1998), *citing, Reyes*, 862 S.W.2d at 386.[2]

■ The four elements of common law attempt, which have been codified at least since the adoption of Section 1645 RS 1879,[3] are proof beyond a reasonable doubt of: (1) defendant's intent to commit the crime; (2) an overt act toward its commission; (3) failure of consummation; and (4) the apparent possibility of commission. *State v. Olds*, 603 S.W.2d 501, 508 (Mo. banc 1980); *State v. Wright*, 342 Mo. 58, 112 S.W.2d 571, 573 (1937); *State v. Block*, 333 Mo. 127, 62 S.W.2d 428, 431 (Mo.1933); *State v. Davis*, 319 Mo. 1222, 6 S.W.2d 609, 611 (banc 1928).[4] These earlier statutes, and the common law, focused on determining what acts the actor still had to complete in order to commit the principal crime being attempted. If too much remained to be done, then an attempt was

2.  Defendant does not challenge the holding in *Reyes* and similar cases that the common law crime of attempt continues to coexist with the statutory version of attempt adopted in Section 564.011, discussed *infra*, and therefore we assume this to be the case for the purpose of this opinion.

3.  Section 1645 and its successors provided in relevant part:

Every person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act towards the commission of such offense, but shall fail in the perpetration thereof, or shall be prevented or intercepted in executing the same, upon conviction thereof . . .

Section 1645.  Section 3583 RSMo 1919 was identical to Section 1645.  Our Supreme Court held in *State v. Davis*, 319 Mo. 1222, 6 S.W.2d 609, 611, 613 (banc 1928), that Section 3683 follows and coincides with the com-

mon law definition of attempt. Section 3683 was re-adopted and eventually became Section 556.150 RSMo 1969. The latter statute was repealed in 1977, effective January 1, 1979, at the time Section 564.011 was adopted. The latter provides for the statutory crime of substantial step attempt, as discussed above.

4.  Later cases have held that in order to meet these requirements, the State must prove that defendant nearly approached consummation of the crime. *See, e.g., State v. Molasky*, 765 S.W.2d 597, 600 (Mo. banc 1989); *Reyes*, 862 S.W.2d at 382, *followed by, State v. Farr*, 978 S.W.2d 448, 450 (Mo.App. S.D.1998); *State v. Davis*, 982 S.W.2d 739, 741 (Mo.App. E.D. 1998); *Motley*, 976 S.W.2d at 505; MAI–CR 3d 304.06, Notes on Use 2. The Supreme Court has not yet addressed this issue, although it may do so in a case now pending before it.

not committed. *See also State v. Molasky,* 765 S.W.2d 597, 600 (Mo. banc 1989); Section 556.150 RSMo 1969 (repealed).

In 1977, the legislature repealed its prior statutory codification of the common law definition of attempt in Section 556.150, and replaced it with Section 564.011 RSMo 1977 (effective Jan. 1, 1979). The latter statute set out a modified form of the inchoate statutory offense of attempt as follows:

> 1. A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards to commission of the offense. A "substantial step" is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.
>
> 2. It is no defense to a prosecution under this section that the offense attempted was, under the actual attendant circumstances, factually or legally impossible of commission, if such offense could have been committed had the attendant circumstances been as the actor believed them to be.

Section 564.011 RSMo 1977.

■ Our Supreme Court noted in *Molasky* that this new statutory form of attempt differed from common law attempt in important ways, for Section 564.011 requires only proof of "1) a purpose to commit the offense, and 2) the doing of an act which is a substantial step toward the commission of that offense." *Molasky,* 765 S.W.2d at 601; *State v. Morrow,* 996 S.W.2d 679, 682–83 (Mo.App. W.D.1999). The statute, Section 564.011, has thus substituted proof of a "substantial step" for the common law's proof of an overt act in perpetration of the crime, an apparent possibility of commission of the crime, and failure to consummate the crime. Section 564.011 & Comments (consummation no longer a requirement). *See also Morrow,* 996 S.W.2d 679 (only two elements under Section 564.011); *State v. Hunt,* 651 S.W.2d 587, 589 (Mo.App. E.D.1983) (legal impossibility is not a defense to Section

564.011); *Molasky,* 765 S.W.2d at 601 (only two elements required, attempt and a substantial step, and an act "in perpetration" is no longer required); *State v. O'Dell,* 684 S.W.2d 453, 462 (Mo.App. S.D. 1984) (listing only two elements). This change in the statute shifts the focus to what the actor had *already* done, and away from what the actor has left to do. *Molasky,* 765 S.W.2d at 600.

■ Because only the elements of intent and a substantial step must be proved under Section 564.011, the State's burden of proof is easier to meet under that section than it was under the prior statute or under the common law, under which the State still must prove an overt act was taken and that commission of the offense was apparently possible and was near completion, but failed. Perhaps for this reason, the legislature made conviction of attempt under Section 564.011 an offense one degree lower than conviction of the crime itself or of common law attempt to commit the same crime, unless otherwise provided. *Compare* Section 564.011(3) *with* Section 195.211(2). *See Molasky* 765 S.W.2d at 600; *Reyes,* 862 S.W.2d at 381. Accordingly, manufacturing a controlled substance or a common law attempt to do so under Section 195.211 is a Class B felony, whereas attempt to manufacture a controlled substance under the substantial step test set out in Section 564.011 is a Class C felony. *Id.*

■ Unfortunately, a number of cases have jumbled the elements of these two types of attempt, although these errors have not generally affected the results in these cases. Some of these cases erroneously mix the elements of the inchoate offense and of the common law offense without appearing to realize they are two separate types of attempt. Other cases first recognize that there are two types of attempt and that the inchoate statutory offense requires only proof of intent plus a substantial step, but, for whatever reason, in the next breath also set out the elements of common law attempt as if they

must be proved also. To the extent these and similar cases confuse the elements of the two types of attempt, they should no longer be followed.[5]

In this case, although the State charged Defendant with common law attempt to manufacture a controlled substance under Section 195.211, a Class B felony, the trial court instructed the jury on inchoate attempt under Section 564.011, as set out in MAI–CR 304.06 & 325.06, a Class C felony, as follows:

> As to Count Two, if you believe from the evidence beyond a reasonable doubt:
>
> First, that on or about September 16, 1996, in the County of Henry, State of Missouri, Michael Duncan and David Alexander began to combine necessary chemicals used to chemically produce methamphetamine, and
>
> Second, that such conduct was a substantial step toward the commission of the offense of manufacturing methamphetamine, and
>
> Third, that Michael Duncan and David Alexander engaged in such conduct with the purpose to commit such manufacture of methamphetamine,
>
> then you are instructed that the offense of attempted manufacture of meth-

amphetamine has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:

> Fourth, that with the purpose of promoting or furthering the commission of attempted manufacturing methamphetamine, the defendant acted together or aided Michael Duncan or David Alexander in committing that offense,
>
> then you will find the defendant guilty under Count Two of attempted manufacture of methamphetamine.
>
> However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.
>
> A person commits the crime of manufacturing methamphetamine when he knowingly makes methamphetamine by chemically producing it.
>
> As used in this instruction, the term substantial step means conduct which is strongly corroborative of the firmness of a person's purpose to complete the commission of the offense of manufacturing methamphetamine.
>
> If you do find the defendant guilty of attempted manufacture of methamphet-

---

5. *See, e.g. State v. Mulder,* 916 S.W.2d 346, 347–48 (Mo.App. E.D.1996) (recognizing that the defendant was convicted of attempt to commit first degree robbery, citing Sections 564.011 and 569.020, but instead of only applying the two elements of attempt under Section 564.011 outlined above, the court applied the common law elements centering on the question of whether there was an apparent possibility to commit, a common law element of the crime of attempt); *State v. McCrary,* 900 S.W.2d 227, 228–30 (Mo.App. W.D.1995) (while noting that the defendant was charged under Section 564.011, the court notes the common law elements and suggested that the overt act element of the common law was satisfied by proof that a substantial step had been taken, thus overlapping these two crimes); *State v. Blaney,* 801 S.W.2d 447, 449 (Mo.App. E.D.1990) (the court sets out the requisite elements of both the crime of inchoate statutory attempt and the crime of common law attempt, but never explains which of the two was applied nor can one make a

reasonable inference on this issue since the only element discussed was intent to commit the principal crime, an element of both offenses); *Motley,* 976 S.W.2d at 506–07, *followed by, State v. Davis,* 982 S.W.2d 739, 741–42 (Mo.App. E.D.1998) (in both of these cases, the court, when referring to the Class C felony under Section 564.011, misstates the Section 564.011 elements by listing the common law elements); *Morrow,* 996 S.W.2d at 682–83 (the court equates the elements of substantial step and overt act); *State v. White,* — S.W.3d —— 1998 WL 726021 (Mo.App. W.D.1998) (the court states that a successful conviction under Section 195.211 requires proof that the defendant attempted to manufacture methamphetamine *and* that the defendant took a substantial step toward and with the purpose of committing that offense, thus erroneously suggesting that proof of a substantial step is required in addition to proof of the traditional elements of attempt. *See* MAI–CR 3d 304.06, Notes on Use 2.)

amine, you will assess and declare punishment as imprisonment for a term of years fixed by you not less than five years and not to exceed fifteen years. (emphasis added).

■ The State's decision to submit substantial step attempt under Section 564.011 rather than the charged crime of common law attempt in violation of Section 195.211 was not in itself error. This Court has recognized that charging a criminal defendant with the Class B common law felony of attempt under Section 195.211 is sufficient notice "of the facts constituting the crime charged in the information and allow[s] the defendant to prepare an adequate defense to the Class C felony attempt." *Davis*, 982 S.W.2d at 742. Accord, *Motley*, 976 S.W.2d at 506. The State thus had the choice of submitting either common law attempt or shouldering a lesser burden by submitting statutory attempt. *See* MAI–CR 3d 304.06, Notes on Use 2. That the State apparently submitted the lesser degree of attempt by mistake does not invalidate the otherwise permissible submission.

■ We do agree that reversible error occurred, however, but the reversible error was not in the submission of the crime of attempt under Section 564.011, but in sentencing. The Court directed the jury that it could sentence Defendant to 5 to 15 years in prison if it found him guilty of substantial step attempt. Five to 15 years is the sentencing range for common law attempt, in violation of Section 195.211, a Class B felony. The maximum sentence for the crime of attempt in violation of Section 564.011, a Class C felony, the crime actually submitted to the jury, is seven years. In accordance with the erroneous instruction, the jury recommended a sentence of 15 years for the attempt crime and the court sentenced Defendant accordingly. This was error.

Citing *State v. Hill*, 970 S.W.2d 868, 872 (Mo.App. W.D.1998), the State asserts that the error was harmless, because we can treat this case as if the court had submitted common law attempt under Section 195.211, because Defendant did not object to the instruction and never contested the fact that methamphetamine was being produced on his property; he just argued he was not one of those doing the producing. Thus, the State argues, the existence of the omitted elements of common law attempt were not in dispute, and failure to submit an undisputed element of an offense can be harmless error.

We disagree. First, Defendant did deny that he committed the acts necessary to constitute common law attempt. Second, by charging Defendant with common law attempt and instructing the jury on substantial step attempt, the State did not incorrectly instruct the jury on a crime by omitting an essential but undisputed element. Rather, it submitted a lesser degree of attempt, that being the inchoate crime of attempt under Section 564.011 and not the common law attempt to manufacture a controlled substance under Section 195.211. It correctly submitted the elements of this lesser crime. There was thus nothing for Defendant to object to, for no element that should have been submitted was omitted. As the Notes on Use to MAI–CR 3d 304.06 state and as noted above, the State thereby opted "for the lesser burden of proving an attempt under Section 564.011 (substantial step) with the less severe punishment provisions of that section." It cannot now second guess that decision by asking us to approve sentencing under a higher level of offense than that submitted.

■ We therefore find that Defendant was prejudiced by the sentence he received because that sentence was determined in accord with the crime charged, a Class B felony, rather than the crime submitted, a Class C felony. If the judge had sentenced Defendant, we could correct the error by merely remanding for resentencing. *See Davis*, 982 S.W.2d at 742. But, unlike in *Davis*, here Defendant was a first-time offender and the jury, not the trial court, determined punishment. The Eastern District of this Court recently ad-

dressed an almost identical fact situation, and held:

> In cases where the jury assesses punishment above the limit prescribed by law for an offense, Rule 29.04 permits the trial court to pronounce a sentence and render judgment within the statutory limits. However, Rule 29.04 does not authorize the trial court to amend the punishment declared by a jury where the jury has been misdirected on that issue. [State v.] Cline, 808 S.W.2d [822], 827 [(Mo. banc 1991)]. The judgment convicting defendant of the offense of attempt to manufacture a controlled substance is reversed and remanded.

State v. Bue, 985 S.W.2d 386, 390 (Mo.App. E.D.1999). Thus, where, as here, the jury determines punishment, and did so under the wrong range of punishment, remand for a new trial is required. State v. Cline, 808 S.W.2d 822, 827 (Mo. banc 1991).

## IV. FELONY MURDER

■ The issue remains whether Defendant is correct in arguing that reversal of the attempt conviction requires reversal of the felony murder conviction. If conviction of an underlying felony were required in order to convict a person of felony murder, this argument would make sense, for it is:

> fundamental that a defendant must have committed or attempted to commit the underlying felony to be guilty of felony murder. However, there need not be a conviction of such commission or attempt to commit as a separately charged offense. It is sufficient if there is a finding or determination of such commission or attempt.

State v. O'Dell, 684 S.W.2d 453, 465 (Mo. App. S.D.1984) (emphasis added), citing, State v. Holland, 653 S.W.2d 670 (Mo. banc 1983). See also State v. Clark, 652 S.W.2d 123 (Mo. banc 1983); State v. Mahaney, 625 S.W.2d 112 (Mo. banc 1981). In other words, as long as the jury finds Defendant attempted the underlying felony, this supports a felony murder conviction even if the underlying felony was not submitted as a separate count.

■ In accordance with this approach, the felony murder submission in this case merely required that the jury find that Defendant attempted to manufacture methamphetamine as submitted in Instruction No. 7, which was the instruction submitting attempted manufacture of a controlled substance. Thus, as permitted by O'Dell and the other cases just cited, the felony murder instruction did not require a finding of guilt of the underlying felony, just a finding of its commission. As discussed above, here the jury did find Defendant committed all of the elements of attempt as submitted in Instruction No. 7 and there is no contention the evidence did not support this submission. The error was in the sentencing range the jury was told it should use in assessing punishment, not in the submission of the elements of attempted manufacture of a controlled substance.

Defendant also seems to suggest that it was error to make substantial step attempt under Section 564.011 the underlying felony on the charge of felony murder where, as here, the information charged common law attempt as the underlying felony, but he cites nothing to support this argument. The Southern District of this Court rejected a similar argument on analogous facts in O'Dell, 684 S.W.2d at 465. The information in that case charged defendant with second degree felony murder and stated that the underlying felony was attempt to commit assault in the first degree. Defendant was convicted of felony murder under an instruction that provided, as the predicate crime, attempt to commit assault in the second degree. In affirming the conviction, O'Dell found that the information charging first degree assault as the underlying felony gave sufficient notice of the lessor offenses, including second degree assault, and so sufficiently apprised the defendant of the facts on which he had to defend. Id. at 459–60.

Similarly, here, the charge of common law attempt provided notice that the State could submit the facts of either common

law or substantial step attempt as the predicate felony. *See, e.g., Davis*, 982 S.W.2d at 742. There was no error in allowing the Class C felony submission to form the underlying felony for the felony murder submission.

For the reasons stated above, we reverse Defendant's conviction of attempt to manufacture a controlled substance and remand for a new trial on that charge because of error in instructing on the range of sentences the jury could impose for that crime, but we affirm the felony murder conviction.

Judge HAROLD L. LOWENSTEIN and Judge ALBERT A. RIEDERER, concur.