

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00077-CV

BRANDON KYLE SHERRILL                                    APPELLANT

V.

TONI ANN SHERRILL                                           APPELLEE

----------

## FROM THE 233RD DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 233-542854-13

----------

## MEMORANDUM OPINION[1] ON REHEARING

----------

On October 30, 2014, this court issued an opinion affirming the trial court's judgment. Pro Se Appellant Brandon Kyle Sherrill then filed a motion for rehearing. After due consideration, we grant Brandon's motion for rehearing, withdraw our prior opinion and judgment dated October 30, 2014, and substitute the following in its place.

---

[1]See Tex. R. App. P. 47.4.

Brandon appeals from a final decree of divorce. In three issues, he argues that the evidence is legally and factually insufficient to support the trial court's property awards and judgment. We will reverse and remand for a new trial on the division of property.

In August 2013, Appellee Toni Ann Sherrill filed a petition to divorce Brandon. Although we can gather from the record that he was served, Brandon did not file an answer, nor did he appear at the final trial in December 2013.[2] The trial court signed a final decree of divorce that divided the community estate, confirmed Toni's and Brandon's separate property, and ordered them divorced.[3] Brandon timely requested that the trial court issue findings of fact and conclusions of law, but the court never did so. Thereafter, Brandon perfected this appeal. Before the cause was submitted, the court reporter assigned to the trial court notified this court that she "did not make a Reporter's Record in this case [on the day of the final trial]."[4] Toni did not file a brief.

In a suit for divorce, "the petition may not be taken as confessed if the respondent does not file an answer." Tex. Fam. Code Ann. § 6.701 (West 2006). If the respondent fails to answer or appear, the petitioner must present evidence to support the material allegations in the petition. *Gonzalez v. Gonzalez*, 331

---

[2]In his statement of facts, Brandon asserts that he did not receive notice of the final trial, but he does not assign any error, nor include any argument, regarding the contention.

[3]There were no children of the marriage.

[4]The court reporter also stated in her letter that Brandon had requested a reporter's record.

S.W.3d 864, 866 (Tex. App.—Dallas 2011, no pet.). Consequently, a default judgment of divorce is subject to an evidentiary attack on appeal. *Id.*

Ordinarily, without a reporter's record, we must presume that the evidence is sufficient to support the trial court's judgment. *See Simon v. York Crane & Rigging Co., Inc.*, 739 S.W.2d 793, 795 (Tex. 1987). But this presumption does not apply on direct review of a default judgment where no reporter's record was made through no fault of the appellant. *See Tex. Crushed Stone Co. v. Baker*, 576 S.W.2d 894, 896 (Tex. Civ. App.—Tyler 1979, no writ); *Bain v. Bain*, No. 02-06-00215-CV, 2007 WL 174463, at *3 (Tex. App.—Fort Worth Jan. 25, 2007, no pet.) (mem. op.) (noting also that rule of appellate procedure 13.1 requires the court reporter to attend and make a full record of the proceedings unless excused by agreement of the parties). If a party exercises due diligence and through no fault of his own is unable to obtain a record of the evidence adduced at the hearing for a default judgment, a new trial may be required in order to preserve his right to appellate review. *Rogers v. Rogers*, 561 S.W.2d 172, 173–74 (Tex. 1978); *Robinson v. Robinson*, 487 S.W.2d 713, 715 (Tex. 1972).

Here, Brandon requested a reporter's record of the trial court's evidentiary hearing resulting in the no-answer default judgment against him, and the official court reporter notified him and us that she did not make one. Because no reporter's record was taken, error is apparent on the face of the record.[5] *See*

---

[5]Had this divorce suit involved children to the marriage and adjudicated issues of paternity, custody, or child support, we would rely on section 105.003 of the family code to reach the same result. That section requires that, in suits

*Rogers*, 561 S.W.2d at 173–74; *Robinson*, 487 S.W.2d at 715; *see also Stone v. Talbert Operations, LLC*, No. 04-14-00008-CV, 2014 WL 7439931, at *2 (Tex. App.—San Antonio Dec. 31, 2014, no. pet. h.); *Thompson v. Thompson*, No. 02-13-00292-CV, 2014 WL 3865951, at *1 (Tex. App.—Fort Worth Aug. 7, 2014, no pet.); *Bain*, 2007 WL 174463, at *3.

Without a record of the default judgment hearing, Brandon's right to proper appellate review, due to no fault on his part, can be preserved only by a new trial. *See Rogers*, 561 S.W.2d at 173–74. Therefore, we sustain Brandon's three issues. Brandon challenges only the sufficiency of the evidence to support the property division and prays that we affirm the trial court's judgment granting the divorce. Thus, we reverse the trial court's judgment on the division of property and remand the case for a new trial on the division of property. We affirm the trial court's judgment in all other respects.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: GARDNER, WALKER, and MEIER, JJ.

---

affecting the parent-child relationship, a record be made "as in civil cases generally unless waived by the parties with the consent of the trial court." Tex. Fam. Code Ann. § 105.003(c) (West 2014); *Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex. 1985). Brandon did not waive a record in this case. Nor did Brandon have an opportunity to object to the court reporter's failure to record the proceedings because he did not appear at the hearing. *See* Tex. R. App. P. 13.1(c); *cf. Kohler v. M & M Truck Conversions*, No. 02-08-00332-CV, 2009 WL 2579639, at *1 (Tex. App.—Fort Worth Aug. 21, 2009, no pet.) (mem. op.).

4

DELIVERED: February 12, 2015