**Opinion filed March 5, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00054-CR

_____

## MARK JOSEPH SHUMSKI, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from 271st District Court**

**Wise County, Texas**

**Trial Court Cause No. CR16247**

## MEMORANDUM OPINION

The jury found Mark Joseph Shumski guilty of the offense of continuous sexual abuse of a child. The victim was Appellant's stepdaughter, A.G., who was under the age of fourteen at the times relevant to the offense. The jury assessed punishment at confinement for a term of sixty years, and the trial court sentenced him accordingly. In his sole issue on appeal, Appellant challenges the

constitutionality of the Texas continuous-sexual-abuse-of-a-child statute. We affirm.

The State charged Appellant with committing two or more acts of sexual abuse against A.G. "from on or about February 16, 2008[,] through May 16, 2011." Specifically, the State alleged that Appellant had committed the offense of indecency with a child by contact and that he had committed aggravated sexual assault by penetrating A.G.'s sexual organ with his finger.

A.G. testified that Appellant sexually abused her for about three years before she finally told her mother. She said that, before the time that Appellant married her mother, Appellant would come into her room at night, slip his hand underneath her clothes, and touch her vagina or insert his finger into her vagina. A.G. testified that, even though she told Appellant "no" and told him that she did not like what he was doing to her, Appellant continued to sexually abuse her.

In a single issue on appeal, Appellant challenges the constitutionality of Section 21.02 of the Texas Penal Code. Section 21.02(d) provides:

> If a jury is the trier of fact, members of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact dates when those acts were committed. The jurors must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse.

TEX. PENAL CODE ANN. § 21.02(d) (West Supp. 2014). Appellant argues that the statute violates due process considerations because it fails to require a unanimous jury verdict as to each of the individual acts of abuse.

The Texas Court of Criminal Appeals has not yet written on the constitutionality of Section 21.02. However, several appellate courts in Texas have upheld the constitutionality of the statute. *See Pollock v. State*, 405 S.W.3d 396, 405 (Tex. App.—Fort Worth 2013, no pet.) (citing *McMillian v. State*, 388

2

S.W.3d 866 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Kennedy v. State*, 385 S.W.3d 729 (Tex. App.—Amarillo 2012, pet. ref'd); *Casey v. State*, 349 S.W.3d 825 (Tex. App.—El Paso 2011, pet. ref'd); *Reckart v. State*, 323 S.W.3d 588 (Tex. App.—Corpus Christi 2010, pet. ref'd); *Render v. State*, 316 S.W.3d 846 (Tex. App.—Dallas 2010, pet. ref'd); *Jacobsen v. State*, 325 S.W.3d 733 (Tex. App.—Austin 2010, no pet.)).

We note that one of the courts that has upheld Section 21.02 in the face of a unanimity challenge is the Fort Worth Court of Appeals. This appeal was originally filed in the Fort Worth Court of Appeals. In accordance with docket equalization mandates, this appeal was transferred from the Fort Worth court to this court by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). Under the provisions of Rule 41.3 of the Texas Rules of Appellate Procedure, we are to apply the precedent of the transferor court if that precedent is in conflict with our own precedent. TEX. R. APP. P. 41.3. Because we have not yet decided this issue, we will apply precedent from the Fort Worth court of Appeals.

In *Pollock*, the Fort Worth Court acknowledged that jury unanimity is required in criminal cases in Texas. *Pollock*, 405 S.W.3d at 404. Every juror must be in agreement that "the defendant committed the same, single, specific criminal act." *Id.* (quoting *Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005)) (internal quotation marks omitted). The Fort Worth court noted, however, that this does not mean that the jury has to unanimously agree that the accused committed the offense in one particular manner or means. *Id.* If a jury is instructed on alternative means of committing the same offense, there is no violation of the unanimity requirement as there would be in the instance of different offenses that involve separate incidents. *Id.* Although a trial court may not submit separate and distinct offenses in the disjunctive, it does not run afoul of the unanimity requirement when it submits, in the disjunctive, different manner and means of

3

committing the same offense. *Id.* at 405. In continuous sexual abuse cases, the element on which the jury must unanimously agree is that the accused committed two or more acts of abuse over the specified time period; each act is not a separate element that requires unanimity. *Id.*

We follow the precedent and reasoning of the transferor court in this case. We hold that the jury was required only to agree that Appellant committed two or more acts of sexual abuse during a period of thirty days or more. The manner and means made up "the 'series' of sexual acts that created a single element of continuous sexual assault of a child." *Id.* (quoting *Lewis v. State*, No. 02-10-00004-CR, 2011 WL 2755469 (Tex. App.—Fort Worth July 14, 2011, pet. ref'd) (mem. op., not designated for publication)). Appellant's sole issue on appeal is overruled.

We affirm the judgment of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


March 5, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

4