

# NUMBER 13-20-00334-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

GALLERIA LOOP NOTE HOLDER, LLC,                    Appellant,

v.

GEORGE M. LEE,                                           Appellee.

**On appeal from the 157th District Court
of Harris County, Texas.**

# MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Tijerina
Memorandum Opinion by Justice Tijerina**

In this accelerated interlocutory appeal, appellant Galleria Loop Note Holder, LLC

appeals the trial court's denial of its motion to dismiss a suit filed by appellee, George M.

Lee.[1] By one issue, Galleria contends that the trial court erred in denying its motion to dismiss under the Texas Citizens Participation Act ("TCPA"). We affirm.

## I.    PERTINENT FACTS

Lee sued Galleria, among others, for the alleged fraudulent transfer of a property over which Lee had a secured lien. Pursuant to the TCPA, Galleria filed a motion to dismiss requesting that the trial court dismiss Lee's suit. The trial court held a TCPA hearing on October 4, 2019,[2] and it denied Galleria's motion in a signed order on that day. Subsequently, Lee filed a motion requesting to nonsuit his claim against Galleria, which the trial court granted. This appeal followed.

## II.    EFFECT OF THE NONSUIT

As a preliminary issue, Lee contends that the appeal is moot because he nonsuited his claim. *See Klein v. Hernandez*, 315 S.W.3d 1, 3 (Tex. 2010) (providing that we are prohibited from deciding moot controversies). Galleria responds that despite the nonsuit, the case is not moot because it sought affirmative relief.

"In Texas, plaintiffs may nonsuit at any time before introducing all of their evidence other than rebuttal evidence," and "a court order is not required." *Epps v. Fowler*, 351

---

[1] This case is before this Court on transfer from the Fourteenth Court of Appeals in Houston pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* Tex. Gov't Code Ann. § 73.001.

[2] Although not reflected in the trial court's docket sheet, when we contacted the district clerk, the district clerk informed us that the trial court held a hearing on Galleria's motion to dismiss; however, the district clerk was not aware if a reporter's record was taken of the TCPA hearing and no reporter's record has been filed in this Court. *See Braun v. Gordon*, No. 05-17-00176-CV, 2017 WL 4250235, at *1 (Tex. App.—Dallas Sept. 26, 2017, no pet.) (explaining that the appellate court lacks jurisdiction over an appeal from a denial of a motion to dismiss pursuant to TCPA if the trial court fails to conduct a hearing as required by chapter 27 and that "the date of the hearing triggers the date when a motion to dismiss under chapter 27 will be considered to have been denied by operation of law"). Lee states in his brief that the trial court held an oral hearing on the TCPA motion.

2

S.W.3d 862, 868 (Tex. 2011). "A nonsuit terminates a case 'from the moment the motion is filed.'" *Id*. However, "a nonsuit does not affect any pending claim for affirmative relief or motion for attorney's fees or sanctions." *Id*. "Rule 162 permits the trial court to hold hearings and enter orders affecting costs, attorney's fees, and sanctions, even after notice of nonsuit is filed, while the court retains plenary power." *Univ. of Tex. Med. Branch at Galveston v. Est. of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 101 (Tex. 2006) (per curiam). "Thus, the trial court has discretion to defer signing an order of dismissal so that it can 'allow a reasonable amount of time' for holding hearings on these matters which are 'collateral to the merits of the underlying case.'" *Id*. "Although the Rule permits motions for costs, attorney's fees, and sanctions to remain viable in the trial court, it does not forestall the nonsuit's effect of rendering the merits of the case moot." *Id*.

Here, although Lee nonsuited his claim rendering the merits of his cause of action moot, as set out above, Rule 162 permits the trial court to hold hearings and enter orders affecting attorney's fees even after a notice of nonsuit is filed because the court retains plenary power. *Id*. As we recently explained in *Kocaoglan v. Law Office of Chris Sanchez, P.C.*, "TCPA motions to dismiss survive nonsuit because, unlike a nonsuit, the TCPA motion to dismiss might also allow the movant to obtain a dismissal with prejudice, attorney's fees, or sanctions." No. 13-19-00596-CV, 2021 WL 161395, at *4 (Tex. App.—Corpus Christi–Edinburg Jan. 14, 2021, no pet.) (mem. op.); *see Gaskamp v. WSP USA, Inc.*, 596 S.W.3d 457, 468 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd); *CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n Inc.*, 390 S.W.3d 299, 300 (Tex. 2013); *Abatecola v. 2 Savages Concrete Plumbing, LLC*, No. 14-17-00678-CV,

3

2018 WL 3118601, at *13 (Tex. App.—Houston [14th Dist.] June 26, 2018, pet. denied) (mem. op.). Here, the TCPA's award of attorney's fees is mandatory because it states that the court "shall award" attorney's fees if the movant prevails.[3] *See* TEX. GOV'T CODE ANN. § 311.016(1), (2) (providing that "may" "creates discretionary authority" while "shall" "imposes a duty"); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 27.009. Thus, Lee's claim was moot due to the nonsuit, Galleria's claim for attorney's fees under the TCPA remained viable. *See Gaskamp*, 596 S.W.3d at 468; *see also Kocaoglan*, 2021 WL 161395, at *4. Accordingly, we conclude that the appeal is not moot.

### III.    TCPA

By its sole issue, Galleria contends that reversal is warranted in this case because it showed that the TCPA applies, and Lee failed to provide prima facie evidence of each element of his claim.

The appellant has a burden to bring forward an appellate record showing reversible error. *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990); *Sareen v. Sareen*, 350 S.W.3d 314, 317 (Tex. App.—San Antonio 2011, no pet.); *Magellan Terminal Holdings, L.P. v. Vargas*, No. 13-19-00354-CV, 2021 WL 79351 at *3 (Tex. App.—Corpus Christi–Edinburg Jan. 7, 2020, no pet.) (mem. op.). It is not possible to review all the evidence

---

[3] We note that the Legislature recently amended the TCPA; however, under the previous version and the current version, a TCPA movant is entitled to attorney's fees, if among other things, the movant prevails. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.009 (providing that "[e]xcept as provided by Subsection (c), if the court orders dismissal of a legal action under this chapter," the trial court "shall award to the moving party court costs and reasonable attorney's fees incurred in defending against the legal action"); *see also Kocaoglan v. Law Office of Chris Sanchez, P.C.*, No. 13-19-00596-CV, 2021 WL 161395, at *4 (Tex. App.—Corpus Christi–Edinburg Jan. 14, 2021, no pet.) (mem. op.) (explaining that the prior version of the TCPA's award of attorney's fees was mandatory because it used the phrase "shall award" attorney's fees; therefore, the movant's claim under the TCPA was not mooted by the nonmovant's nonsuit).

4

presented to the trier of fact or to apply the appropriate sufficiency standards without a complete reporter's record. *Sareen*, 350 S.W.3d at 317. Therefore, if an appellant files a partial reporter's record, a presumption arises that the missing portions of the reporter's record support the trial court's judgment. *See Bennett v. Cochran*, 96 S.W.3d 227, 228–30 (Tex. 2002) (explaining that we must presume the omitted items support the trial court's judgment); *Haut v. Green Cafe Mgmt.*, *Inc.*, 376 S.W.3d 171, 179 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("[I]f the appellant entirely fails to file a statement of points or issues, he is not entitled to the presumption that the record is complete for appellate review purposes, and, instead, an appellate court presumes that the material missing from the reporter's record supports the trial court's judgment." (citing *Bennett* 96 S.W.3d at 229–30)); *see also Bulthuis v. Avila*, No. 13-13-00717-CV, 2015 WL 9487472, at *2 (Tex. App.—Corpus Christi–Edinburg Dec. 29, 2015, pet. denied) (mem. op.) (determining that an appellant is not entitled to the presumption that the record is complete for appellate review purposes if that appellant does not file a statement of points or issues and that we must presume that anything missing from the appellate record supports the judgment). An appellant can avoid this presumption by complying with Texas Rule of Appellate Procedure 34.6(c), requiring the inclusion in the appellant's request for a partial reporter's record "a statement of the points or issues to be presented on appeal[.]" TEX. R. APP. P. 34.6(c)(1). Once done, we are required to presume that the partial record constitutes the entire record with respect to the issues raised on appeal. *Id.* R. 34.6(c)(4).

Galleria, as the appellant, needed to provide this Court with proof that Lee did not present sufficient evidence to support his prima facie case. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b), (c); *see also Kocaoglan*, 2021 WL 161395, at *4. Galleria has not filed a complete reporter's record because, although a hearing was held on its TCPA motion to dismiss, it has not provided a copy of that record for our review or even mentioned it. Galleria did not request a partial reporter's record with a statement of the points to be argued as per Rule 34.6(c)'s requirements for filing a partial reporter's record.

Because Galleria challenges Lee's evidence and we lack the reporter's record of the TCPA hearing, *see* TEX. R. APP. P. 34.6(c), we must presume that the omitted portions of the reporter's record support the trial court's determination that Lee met his burden and the denial of Galleria's motion to dismiss was appropriate.[4] *See Bennett*, 96 S.W.3d at

---

[4] As previously stated, pursuant to § 27.004, a trial court must not set a hearing on a TCPA motion "later than the 60th day after the date of service of the motion unless the docket conditions of the court require a later hearing, upon a showing of good cause, or by agreement of the parties, but in no event shall the hearing occur more than 90 days after service of the motion under Section 27.003 . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 27.004. The type of evidence that the court may consider is set out in § 27.006, which states the following:

> In determining whether a legal action is subject to or should be dismissed under this chapter, the court shall consider the pleadings, evidence a court could consider under Rule 166a, Texas Rules of Civil Procedure, and supporting and opposing affidavits stating the facts on which the liability or defense is based.

TEX. CIV. PRAC. & REM. CODE ANN. § 27.006. Although under Rule 166a, the trial court is permitted to grant or deny a motion for summary judgment without a hearing, here, the trial court held a hearing on Galleria's TCPA motion. Thus, we will not address Galleria's issues by only analyzing the motion and response.

Moreover, the Fourteenth Court of Appeals has cited *Braun* favorably stating parenthetically, "[T]he 30-day deadline before a motion is deemed denied by operation of law runs only from the date of the hearing on the motion. But, because no such hearing was held in these cases, the TCPA motion was not denied by operation of law." *KHOU-TV, Inc. and William Langlois; Hearts Newspapers, LLC d/b/a Houst. Chronicle v. Status Lounge Inc.*, No. 14-19-00393-CV, 2021 WL 2371003, at *2 (Tex. App.—Houston [14th Dist.] June 10, 2021, no pet. h.) (mem. op.) (citing *Braun*, 2017 WL 4250235, at *2 (quoting *Cuba v. Pylant*, 814 F.3d 701, 707 (5th Cir. 2016)); *see also Walker v. Pegasus Eventing, LLC*, No. 05-19-00252-CV, 2020 WL 3248476, at *5 (Tex. App.—Dallas June 16, 2020, pet. denied) (mem. op.) ("Specifically, if the trial court does not hold a hearing

229 ("There is no question that, had [the appellant] completely failed to submit his statement of points or issues, Rule 34.6 would require the appellate court to affirm the trial court's judgment."); *Haut*, 376 S.W.3d at 179; *see also Kocaoglan*, 2021 WL 161395, at *4. Galleria's assertion that the trial court erred by denying the motion to dismiss, therefore, is insufficient on the record before us. Presuming, as we must, that the missing portions of the record support the trial court's order, we overrule Galleria's sole appellate issue. *See Bennett*, 96 S.W.3d at 229; *Haut*, 376 S.W.3d at 180 (presuming "that the omitted portions of the record are relevant and support the trial court's judgment" on issues in which evidentiary review is required because the appellant "failed to follow the requirements for Rule 34."); *see also Kocaoglan*, 2021 WL 161395, at *4.

## IV.  CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Delivered and filed on the
1st day of July, 2021.

---

at all, then we lack jurisdiction over an appeal related to the motion." (citing *In re Herbert*, No. 05-19-01126-CV, 2019 WL 4509222, at *1 (Tex. App.—Dallas Sept. 19, 2019, orig. proceeding) (mem. op.) "[C]ourts of appeals lack jurisdiction over an appeal involving [a TCPA] motion if the trial court refuses to hold a timely hearing despite the movant's reasonable requests to the trial court for that hearing."))).