**Wayne RAAF, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 16581.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 7, 1990.

Lew Kollias, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., M. Melissa Manda, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Movant pled guilty to the charges of transportation and possession of cocaine and carrying a concealed firearm. He was sentenced to two concurrent eight year terms on each drug conviction and one consecutive year on the firearms charge. Thereafter, movant filed a motion under Rule 24.035 seeking to vacate that conviction. Following an evidentiary hearing the trial court made findings of fact, conclusions of law, and entered judgment denying the motion. Movant appeals, presenting two points relied on.

Appellate review is to determine whether the findings and conclusions of the trial court are clearly erroneous. Rule 24.035(j).

In his first point relied on movant contends the trial court erred in denying his 24.035 motion for postconviction relief after an evidentiary hearing because he received ineffective assistance of counsel which affected his plea. He claims that his attorney advised him to enter a guilty plea before the judge had ruled on his motions to suppress evidence, which compelled movant to render a less than knowing and voluntary guilty plea.

To prove ineffective assistance of counsel existed, movant must meet the two-pronged test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See also *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). The tests are, first, that the attorney's representation fell below an objective standard of reasonableness and second, that the prisoner was prejudiced by the representation. After a plea of guilty, the effectiveness of counsel is relevant only as it affects the voluntariness of the plea. *Wesson v. State*, 768 S.W.2d 160, 162 (Mo.App. 1989).

Referring to the facts of the case, the record shows that movant was stopped by

a highway patrolman for speeding on I–44 on January 23, 1988. Movant allowed the trooper to conduct a highway search of his car, which disclosed a .22 derringer in the glove compartment. Movant agreed to go to the highway patrol station for a further search. During this search the five ounces of cocaine was discovered. Movant claims that he was not advised of his *Miranda* rights before he made incriminating statements at the station.

Movant was represented by the office of the public defender. His attorney filed two motions to suppress, one directed to the statements and the other to the evidence found in the vehicle. The attorney testified at the motion hearing that she did not think these motions would be sustained. Although there were controverted facts, there was evidence to support the state's position. There was no written waiver of *Miranda* rights but the arresting trooper said that Raaf was given the warning twice. The attorney said she explained this to her client, as well as what would happen to him if the motions were overruled and they proceeded to trial. She realized that in theory she could wait for a ruling on the motions to suppress and then attempt to change the plea to guilty. She had found in practice that such motions were rarely granted.

Movant's attorney testified that she met for about an hour with movant the day before trial and they discussed trial tactics which included entering a guilty versus a non-guilty plea. Her testimony shows she made no assurance to movant, nor was there any coercion involving the plea. She testified she never tried to influence a client one way or the other on a plea. She met with movant several times during his case and was abreast of all proceedings. The record supports the trial court's findings that movant was fully apprised of his options and his plea was "freely, knowingly and voluntarily made". Point I is denied.

Movant's second point alleges error in convicting him of two offenses because both convictions rested on his carrying the same cocaine. He alleges this is a violation of his Fifth and Fourteenth Amendment rights to be free of double jeopardy under the United States Constitution. He also claims ineffective assistance of counsel because his attorney failed "to object to prosecutions for possession and transportation of the same controlled substance".

Movant acknowledges that this issue was not raised in the trial court either before the plea or in movant's motion in this proceeding. However, movant cites cases stating that double jeopardy cannot be waived by a plea of guilty, an agreement or stipulation, and can be raised for the first time on appeal. See the Western District opinion in *Reed v. State,* 778 S.W.2d 313, 319 (Mo.App.1989), and cases there cited. *Reed* acknowledges that other districts of this court have held differently.

In *Horsey v. State,* 747 S.W.2d 748, 754–756 (Mo.App.1988), this district concluded that a claim of double jeopardy which has not been asserted before trial or before a plea of guilty is waived. We adhere to that view and deny movant's second point.

The judgment is affirmed.

MAUS, P.J., and CROW, J., concur.