Billy Mack WALKER, Movant–
Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 23374.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 28, 2000.

Emmett D. Queener, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for Respondent.

SHRUM, Judge.

After this court affirmed Billy M. Walker's second-degree felony murder conviction in *State v. Walker*, 971 S.W.2d 356 (Mo.App.1998), Walker ("Movant") filed a motion for post-conviction relief pursuant to Rule 29.15.[1] Movant's request for post-conviction relief was denied after an evidentiary hearing, and this appeal followed. We affirm.

The State charged Movant with murder in the first degree, § 565.020,[2] for his role in the stabbing death of Troy Joe Reagan, Sr. ("Victim"). At trial, the court gave verdict-directing instructions on first-degree murder, conventional second-degree murder, and second-degree felony murder.[3] The jury convicted Movant of second-degree felony murder and recommended a sentence of twenty five years in the department of corrections.[4]

The second-degree felony murder instruction was given at Movant's request after he injected this issue in the case. In voir dire, Movant's trial counsel told the jury he believed the evidence would support an instruction for felony murder and, thus, authorize less punishment than a first-degree murder conviction, perhaps as little as ten years. At the instruction conference, Movant's trial counsel submitted and the court agreed to give instructions numbered 10 and 11 which authorized the jury to convict Movant for second-degree felony murder. Finally, in his closing argument, Movant's lawyer told the jury Movant "basically conceded [he] is guilty of murder in the second degree[ ]" and urged a second-degree felony murder conviction as opposed to first-degree murder.

At the evidentiary hearing on Movant's Rule 29.15 motion, Movant's trial lawyer testified he injected the issue of second-degree felony murder as a defensive move, i.e., an attempt to get a reduced punishment, but did so only after discussing this trial tactic with Movant, and Movant agreeing thereto. Movant's trial lawyer testified he adopted this strategy because

1. Rule references are to Missouri Rules of Court (2000).

2. All statute references are to RSMo 1994.

3. The offense of second-degree felony murder is found in § 565.021.1(2), as follows:
   "1. A person commits the crime of murder in the second degree if he:
   " . . . .
   (2) Commits or attempts to commit any felony, and, in the perpetration or the attempted perpetration of such felony or in the flight from the perpetration or attempt-

ed perpetration of such felony, another person is killed as a result of the perpetration or attempted perpetration of such felony or immediate flight from the perpetration or attempted perpetration of such felony."

4. An exhaustive account of evidence adduced at Movant's criminal trial is set forth in *Walker*, 971 S.W.2d at 358–59. That evidence is recounted herein only when necessary to address Movant's allegations of motion court error.

he believed the State's evidence was sufficient to submit a first-degree murder case, and there was a "good chance" Movant would be convicted of first-degree murder if that was the jury's only option.

After Movant's conviction became final, he filed a motion for post-conviction relief in which he requested his conviction to be set aside or vacated. In part, Movant alleged he was denied effective assistance of counsel because (1) appellate counsel failed to brief and present on appeal Movant's claim there was insufficient evidence to support the felony underlying Movant's murder conviction, (2) his trial lawyer injected the second-degree felony murder issue into the case, thus allowing Movant to be convicted of an offense not charged in the information, and (3) both trial and appellate counsel failed to challenge the defects in Instructions 10 and 11.

After an evidentiary hearing, the motion court entered its Findings of Fact, Conclusions of Law and Order denying Movant's request for relief. The motion court found the following: (1) ineffective assistance of appellate counsel is "not ordinarily cognizable in" post-conviction relief motions, (2) ineffective assistance of counsel relating to trial errors are not considered unless these errors result in fundamental unfairness, (3) errors alleged in the giving of jury instructions are trial errors, (4) Movant submitted the instructions and benefitted therefrom, and (5) trial counsel's strategy, i.e., submitting the issue `of second-degree felony murder into the case, was reasonable.

## DISCUSSION AND DECISION

█ Review of the motion court's denial of post-conviction relief is limited to a determination of whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 29.15(k); *Kelley v. State*, 24 S.W.3d 228, 231 (Mo.App. 2000). A finding or conclusion is clearly erroneous only if, after review of the record, we are definitely and firmly convinced a mistake has been made. *Id.* at 231[1].

In each of his three points, Movant charges the motion court erred in failing to find he received ineffective assistance of counsel, either at the trial or appellate level. To prove ineffective assistance of counsel, a movant must meet the two-pronged test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Raaf v. State,* 793 S.W.2d 211 (Mo.App.1990). *See also Sanders v. State,* 738 S.W.2d 856, 857 (Mo.banc 1987). The tests are, first, that the attorney's representation fell below an objective standard of reasonableness and second, that the accused was prejudiced by the representation. *Raaf,* 793 S.W.2d at 211[1].

When a claim of ineffective assistance of counsel is asserted, courts strongly presume counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *State v. Phillips,* 940 S.W.2d 512, 522 (Mo.banc 1997). Further, a movant must overcome the presumption that any challenged action was sound trial strategy. *Id.* "To prove prejudice, the movant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

### Point I: Failure to Challenge Sufficiency of Evidence

In Movant's first point, he advances two reasons why the motion court "clearly erred" when it denied Movant's Rule 29.15 motion. First, Movant argues the motion court ignored the law when it concluded Movant's allegation of ineffective assistance of *appellate* counsel was not cognizable in this Rule 29.15 case. As Movant points out, effective January 1, 1996, ineffective "appellate counsel" was added as a cognizable claim under Rule 29.15.

Second, Movant asserts his appellate counsel was constitutionally ineffective for failing to challenge the sufficiency of the evidence to support his conviction of second-degree felony murder. In developing this argument, Movant points out an ac-

**301**

cused must have committed the underlying felony to be guilty of felony murder. *State v. Graham*, 2 S.W.3d 859, 866 (Mo.App. 1999). Here, the felony underlying Movant's murder conviction, as submitted by instructions 10 and 11, was attempted "distribution of a controlled substance." Movant insists "[t]here was no evidence by which a rational jury could have concluded that the victim was killed during ... an attempt to distribute methamphetamine."

■ In response, the State concedes Movant's first argument, i.e., that Rule 29.15(a) did permit Movant to raise his claim of ineffective assistance of appellate counsel. The State acknowledges the motion court erred when it concluded otherwise. On the other hand, the State takes strong issue with Movant's second argument under Point I. The State insists the motion court did not clearly err in denying Movant post-conviction relief because review of the criminal case transcript reveals a challenge to the sufficiency of the evidence by appellate counsel would have failed; consequently, Movant was not prejudiced by appellate counsel's failure to raise a sufficiency of evidence issue on direct appeal.[5]

■ When reviewing the sufficiency of evidence supporting a criminal conviction, a court is limited to a determination of whether there is sufficient evidence from which a reasonable finder of fact might have found the accused guilty beyond a reasonable doubt. *State v. Chaney*, 967 S.W.2d 47, 52[3] (Mo.banc), *cert. denied* 525 U.S. 1021, 119 S.Ct. 551, 142 L.Ed.2d 458 (1998). In applying this standard, we accept as true all of the evidence favorable to the State, including all favorable inferences drawn from the evidence, and disregard all evidence and inferences to the contrary. *Id.* at 52[4].

■ The following paragraphs recount evidence from which a rational trier of fact might have found, beyond a reasonable doubt, Movant attempted to distribute methamphetamine, and the victim was murdered during the perpetration of that offense.

Approximately a month and a half before Victim was murdered, Movant went to work for Jeff Logan, a quadriplegic confined to a wheel chair, who needed daily assistance. Movant first met Logan in 1979, and they "kind of growed up together." Movant knew both Logan and Victim as "long time dope dealers" and knew Logan dealt in both marijuana and methamphetamine. On the morning of Victim's death, Logan told Movant he wanted to go to "Blue Eye to get some drugs." Continuing, Movant testified: "Jeff [Logan] told me ... he knew somebody in Blue Eye, Missouri, that had five pounds of methamphetamine. So we counted out money before we left the double wide [Logan's rented house]." To prepare for the drug deal, Movant "first counted out $53,000 in $100 bills[,]" "put $53,000 in a yellow envelope," and placed the envelope beneath a cushion in the seat area of Logan's wheelchair. Also, Movant counted out another $15,000 at Logan's behest and placed it in a leather bag which hung from Logan's waist. Movant then helped Logan into a blue van (equipped with a lift) and left with Movant driving the van. Later in the day, as Movant was driving Logan toward Blue Eye, Logan told Movant to turn down "Reagan Road." Movant testified they were on their way to buy methamphetamine from Victim, and that he knew this was illegal. Movant also testified he was given instructions from Logan to "go up to [Victim's] house" and "we was going to talk to him about some drugs."

Movant and Logan arrived at Victim's house "around 5:00" p.m. When Movant

---

5. The State, as a prelude to answering Movant's second argument, correctly points out that we should not reverse if the motion court reached the right result, even if it was for the wrong reason. *See Mercantile Bank of Sikeston v. Moore*, 935 S.W.2d 762, 770[16] (Mo.App.1996).

inquired at the house about Victim, he was told Victim was at his son's garage, and as Movant walked toward the garage, he saw Victim start up the drive. Movant then returned to the van, and when Victim got to the van, Movant told him, "there's somebody in the van that would like to talk to you." Victim opened the front passenger-side door of the van and first talked with Logan from outside the van, but then entered the van and sat in the front passenger seat. Movant closed the passenger door, went around the van, got in, and drove off with Victim still in the van.

Between 5:35 and 5:40 p.m. on this day, Tim Reagan (Victim's youngest son) was driving along Reagan Road when he met a blue van stopped near the center of the road. As he approached the van, "it took off at a rapid rate." At trial, Tim identified a picture of Logan's van as being the one he encountered that evening, and also that Movant was the driver of the van and had blood on his face. As soon as the blue van passed by, Tim saw his father sitting beside the road with blood all over him. After Tim stopped, he learned his father had been stabbed in the chest. Victim died shortly thereafter.

From such evidence, a rational trier of fact could conclude beyond a reasonable doubt Movant and Logan planned a methamphetamine drug transaction and Movant's conduct, i.e., counting out money for the drug deal, driving Logan to the Victim's house knowing Logan was going to talk to Victim about a drug deal, and getting Victim to enter the van to talk with Logan, were strongly corroborative of the firmness of Movant's purpose to complete the offense of distribution of a controlled substance.[6] Accordingly, a reasonable jury might have found beyond a reasonable doubt Movant was guilty of attempted distribution of a controlled substance. We reject Movant's arguments to the contrary.

6. In pertinent part, § 564.011 provides:
"1. A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission

In *Moss v. State*, 10 S.W.3d 508 (Mo.banc 2000), the standard for deciding Rule 29.15 claims of ineffective assistance of appellate counsel was recited as follows:

" '[S]trong grounds must exist showing that counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective lawyer would have recognized it and asserted it. The right to relief ... inevitably tracks the plain error rule; i.e., the error that was not raised on appeal was so substantial as to amount to a manifest injustice or a miscarriage of justice.' "

*Id.* at 514–15 [13,14] (quoting *Reuscher v. State*, 887 S.W.2d 588, 591 (Mo.banc 1994)). Applying that criteria, we find no error in the trial court's denial of Movant's claim that his appellate lawyer rendered constitutionally ineffective assistance of counsel by not challenging on direct appeal the sufficiency of the evidence to support his conviction. Appellate counsel is not ineffective for failing to assert a claim which would not have resulted in reversal had it been raised on direct appeal. *Moss*, 10 S.W.3d at 514[13]. Point I is denied.

## Point II: Conviction of Offense Not Charged in Information

Movant's second point relied on charges the motion court "clearly erred in denying [Movant's] motion for post conviction relief" because his counsel was ineffective "in that by injecting into the case the issue of felony murder, trial counsel allowed the trial court to convict [Movant] of an offense not charged in the information...."

Movant's second point is devoid of *any* contention Movant was prejudiced by his trial lawyer's decision to inject second-degree felony murder as a defensive or

of the offense. A 'substantial step' is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense."

mitigation tactic. Moreover, the argument section of Movant's brief neither mentions nor develops a prejudice argument.

■ Prejudice is an essential element of an ineffective assistance of counsel claim. *Phillips*, 940 S.W.2d at 522. Courts are not required to consider both the performance and prejudice prongs of an ineffective assistance claim; if a movant fails to satisfy one of them, the court need not consider the other. *State v. Clements*, 849 S.W.2d 640, 646 (Mo.App.1993). A claim of ineffective assistance of counsel may be denied if there is no showing of prejudice. *Sanders*, 738 S.W.2d at 857.

Apart from questions not implicated here, allegations of error not briefed "shall not be considered in any civil appeal." Rule 84.13; *State v. Wilkerson*, 796 S.W.2d 388, 397[10] (Mo.App.1990) (holding nothing in history of Rule 29.15 indicates our supreme court intended to dispense with the requirement that errors assigned on appeal be properly briefed).

On this appeal, the claim of prejudice stemming from trial counsel's injection of second-degree felony murder into the case has not been preserved for our review by the brief on appeal; thus it is procedurally barred. *See State v. Copeland*, 928 S.W.2d 828, 851 (Mo.banc 1996). Since Movant has allowed the trial court's finding of no prejudice to stand unchallenged in this point relied on, the point must fail.

■ Even so, we note that allowing Movant a gratuitous review of Point II would not aid him. Ordinarily, claims of ineffective assistance of trial counsel which relate to trial strategy do not provide a basis for post-conviction relief. *State v. Butts*, 938 S.W.2d 924, 930[10] (Mo.App. 1997).[7]

■ Here, trial counsel testified his decision to inject second-degree felony murder in the case was reasonable because he thought "if we proceeded to trial on a straight murder in the first degree, I thought that they would find [Movant] guilty." Furthermore, counsel stated there was "a good chance of coming in with a verdict of murder in the second degree," based on the evidence, which would have carried with it a considerably lighter sentence.

■ Such evidence supports the motion court's finding that trial counsel's decision to inject second-degree felony murder into the case was purely a question of strategy. Moreover, the facts proven by the State, as outlined in this opinion and also in *Walker*, 971 S.W.2d at 358–59, provide strong support for trial counsel's belief that a first-degree murder conviction was probable unless the jury's attention could be diverted to the possibility of a second-degree felony murder verdict. The relative strength or weakness of the state's case is significant in deciding if any deficiencies in trial counsel's performance were prejudicial. *Clay v. State*, 954 S.W.2d 344, 346–47[1] (Mo.App.1997). We conclude from this record trial counsel's strategy not only fell within the objective standards of reasonableness, it was skillfully executed and successful.

■ As to Movant's argument that trial counsel was ineffective because his trial strategy led to Movant being convicted of a crime for which he was not charged, it is disingenuous at best. "Although second degree felony murder is not a lesser included offense of first degree murder under the traditional 'elements test,' it has been specifically denominated as such [by legislative action]." *State v. Griffin*, 756 S.W.2d 475, 485 (Mo.banc 1988) (citations omitted); §§ 565.025 and 556.046. *See also State v. Stepter*, 794 S.W.2d 649,

---

**7.** The *Strickland* court explained: "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066, 80 L.Ed 2d at 695 (1984). *See Leisure v. State*, 828 S.W.2d 872, 875[4] (Mo.banc 1992).

652[1, 2] (Mo.banc 1990); *State v. Barnett,* 980 S.W.2d 297, 305–06 (Mo.banc 1998).[8]

Subject to the requirement that there must be evidentiary support for any submission, MAI–CR3d 313.06, Notes on Use 7 teaches that the State can charge and submit second-degree felony murder as a lesser-included offense to first-degree murder "provided proper notice has been given." The note also explains the obvious, i.e., such notice need not be given where the defendant injects the issue and requests the instruction.

Earlier we determined there was sufficient evidence to support Movant's conviction of second-degree felony murder, and it was Movant who requested the jury be instructed on second-degree felony murder. Under the circumstances, trial counsel's strategy did not lead to Movant being convicted of a crime for which he was not charged. Movant's argument to the contrary has no merit. Point II is denied.

### Point III: Ineffective Assistance Regarding Instructions

Movant's third point has two parts. First, he argues the motion court clearly erred in denying his ineffective assistance of counsel claim because "Instructions 10 and 11 prepared by trial counsel were defective, and appellate counsel failed to challenge on appeal [Movant's] conviction on defective instructions." Second, Movant argues "as a result of the motion court's erroneous legal conclusions, the motion court also denied [Movant's] right to due process of law ... by failing to make specific findings on the merits of the claims to permit appellate review."

As stated in our discussion of Movant's second point, allegations of error which are not briefed "shall not be considered in any civil appeal." Rule 84.13(a); *Wilkerson,* 796 S.W.2d at 397[10]. Here, Movant complains his trial counsel prepared defective instructions, but provides no clue, either in the point or in argument, about what he claims as a defect. The challenged instructions recite that MAI–CR 313.06 and MAI–CR 304.06 were the sources for their preparation. Does Movant now contend the challenged instructions did not track pattern instructions, or, that pattern instructions were not applicable, or, that notes on use were not followed? We are not required to speculate on what particular error is sought to be charged, *State v. Chase,* 444 S.W.2d 398, 402 (Mo.banc 1969), nor is it our duty to "become an advocate for an appellant and comb the entire record searching for a basis of claimed error." *State v. Bradley,* 8 S.W.3d 905, 906[2] (Mo.App.2000). By not briefing his basic premise, i.e., the instructions were defective, Movant has abandoned any claim his trial or appellate lawyer were constitutionally ineffective with regard thereto.

Further, even if we undertook an *ex gratia* analysis of the instructions and found them "defective," we would still have to determine the prejudicial effect thereof. *State v. Long,* 955 S.W.2d 951, 953[2] (Mo. App.1997). Movant offers no argument on why any alleged defects in the instructions prejudiced him, and we can find no basis for any such claim. As with Point II, Movant has let the trial court's finding of no prejudice stand unchallenged under Point III; consequently, Point III fails.

---

**8.** Movant cites *State v. O'Brien,* 857 S.W.2d 212 (Mo.banc 1993), for the proposition that felony murder cannot be a lesser-included offense. Initially, the State made no response in its brief to such assertion. Belatedly, however, the State points out that what the O'Brien court stated in note 2 was dicta and should not be followed. We agree. "[O]nce an issue has been decided by the Supreme Court, a statement contrary to the decision in a subsequent case which is not necessary to the decision therein is non-authoritative dictum and the earlier decision remains controlling." *Baker v. Baker,* 804 S.W.2d 763, 767 (Mo.App.1990). *See State ex rel. Anderson v. Hostetter,* 346 Mo. 249, 140 S.W.2d 21, 24[1] (banc 1940). Under the circumstances, we are required by Article V, § 2 of the Missouri Constitution to follow *Griffin* and *Stepter,* not *O'Brien.*

In so stating, we have not ignored the second prong of Movant's third point. Although the motion court did err in some of its conclusions, it specifically found that because Movant had drafted the instructions and requested their submission to the jury, he had no just cause for complaint. This is a correct statement of the law. A defendant cannot prepare and submit an instruction and then turn around and challenge it. *State v. Chambers,* 891 S.W.2d 93, 105[39] (Mo.banc 1994); *State v. Lawson,* 876 S.W.2d 770, 775[9] (Mo. App.1994). This finding by the motion court and its finding of no prejudice provide sufficient "specific findings on the merits of the claims to permit appellate review." We reject Movant's argument to the contrary. Point III is denied.

The judgment denying post-conviction relief is affirmed.

PARRISH, P.J. and MONTGOMERY, J., concur.