STATE of Missouri, Respondent,

v.

Stephen K. COX, Appellant.

No. 28440.

Missouri Court of Appeals,
Southern District,
Division Two.

April 4, 2008.

Jason Coatney, Springfield, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Anna L. Bunch, Asst. Atty. Gen., for respondent.

ROBERT S. BARNEY, Presiding Judge.

Stephen K. Cox ("Appellant") appeals his conviction for one count of the Class C felony of possession of a controlled substance, marijuana, a violation of section 195.202.[1] Following a jury trial, Appellant was sentenced as a prior and persistent drug offender by the trial court to fifteen years in the Missouri Department of Corrections. In his sole point relied on, Appellant asserts the trial court erred in denying his oral motion to endorse a witness on the day of trial. We affirm the judgment of the trial court.

Appellant does not challenge the sufficiency of the evidence to support his conviction. Viewing the evidence in the light most favorable to the jury's verdict, *State v. Smith*, 32 S.W.3d 532, 539 (Mo. banc 2000), the record reveals that on July 6, 2007, a search warrant was executed at Appellant's residence, which he shared with Janet Massengill ("Ms. Massengill").[2] Deputy Shane Keys ("Deputy Keys") testified that he participated in the raid on Appellant's home and that the basis for the search warrant was suspected methamphetamine distribution.

During a search of the home, the officers found a set of silver scales on the kitchen counter; a baggy of white residue in a coin pouch on the kitchen counter; two sets of black scales with white residue on them in the bedroom; "loaded syringes" and "unused syringes" in the bedroom; a "baggy with a white residue in the trash can" in the bedroom; a green notebook "[t]hat contained names and money amounts inside" in the bedroom; and a bag containing a white crystal substance inside a black cigarette case in the living room.[3] Deputy Keys testified that in addition to the baggy found in the black cigarette case he found a marijuana pipe and some marijuana. Appellant was thereafter arrested and charged with possession of marijuana.

At trial, Appellant testified he lived with Ms. Massengill and asserted that the controlled substances and other contraband located in the home all belonged to Ms. Massengill. He also testified Ms Massengill used the scale in the kitchen to "count calories" and she was a diabetic, thus, the syringes that were found belonged to her. While he related that he knew Ms. Massengill "did methamphetamine," Appellant testified that he believed Ms. Massengill had stopped using the drug. Additionally, the State presented evidence through the testimony of Deputy Keys that the marijuana pipe belonged to Ms. Massengill; that large amounts of cash seized by the State belonged to Ms. Massengill; and that Ms. Massengill had informed Deputy Keys that she was living at the residence on and off.

On the day of trial, Appellant's counsel made an oral motion to endorse Ms. Massengill as a witness. Appellant's counsel stated he "had not previously endorsed her, frankly, because [they] haven't been able to locate her." Appellant's counsel

---

1. All statutory references are to RSMo 2000.

2. We note Ms. Massengill's name is spelled several different ways in the record on appeal and we have chosen this spelling as it appears to be used the most consistently.

3. The white substance found in the baggy in the cigarette case was determined by laboratory analysis to be methamphetamine and its weight was found to be 0.21 grams. Laboratory analysis also revealed the white residue located on the scales was also methamphetamine.

asked that he "be granted leave to have her as a witness" and "that the Court attach a body attachment for Ms. Massengill in that [they] had her served and asked her to be . . ." in court. The State then made the following argument:

The State would oppose that endorsement. And we did, as we do in every case, file request for disclosure to [Appellant], Subsection 2 of that request, names and addresses of people that defense intends on calling as witnesses.[4] We just don't think this is timely coming in the day of trial.

I'm sure [Appellant's counsel] anticipated calling her for quite some time; and coming in and notifying us the day of trial is a little late, Your Honor. So we would object to her being endorsed as a witness.

Appellant's counsel then explained that Ms. Massengill was present when Appellant was arrested and he did not "think any of this would really be a surprise to the State. . . . We just haven't been able to locate her." The trial court sustained the State's objection to Appellant's late endorsement of Ms. Massengill as a witness and she did not testify at trial.

At the close of all the evidence, the jury convicted Appellant of the crime of possession of marijuana and he was thereafter sentenced as previously set out. This appeal followed.

■ In his sole point relied on, Appellant maintains the trial court erred in denying his motion to endorse Ms. Massengill "as a witness in that the State suffered no surprise or prejudice in the late endorsement of the witness."

■ In our review we observe that the trial court has broad discretion to permit or deny the late endorsement of additional witnesses. *Moss v. State*, 10 S.W.3d 508, 515 (Mo. banc 2000); *see State v. Chaney*, 967 S.W.2d 47, 57 (Mo. banc 1998).

"A trial court abuses its discretion when a ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration; if reasonable people can differ about the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion."

*State v. Destefano*, 211 S.W.3d 173, 181 (Mo.App.2007) (quoting *State v. Downen*, 3 S.W.3d 434, 437 (Mo.App.1999)).

■ "The exclusion of the testimony of witnesses whose identity has not been properly disclosed is among the sanctions authorized by Rule 25.18."[5] *Destefano*, 211 S.W.3d at 181. " '[T]he imposition of the sanctions provided for in Rule 25.18, including exclusion of witnesses, remains within the discretion of the trial court and will be disturbed on appeal only when the sanction results in fundamental unfairness to the defendant.' " *Id.* (quoting *State v. Lopez*, 836 S.W.2d 28, 32 (Mo.App.1992)). "Fundamental unfairness results if the exclusion of a witness's testimony substantively alters the outcome of the trial." *State v. Martin*, 103 S.W.3d 255, 261 (Mo. App.2003). "To determine whether the exclusion resulted in prejudice to the defendant, the facts and circumstances of the particular case must be examined including the nature of the charge, the evidence presented, and the role the excluded evi-

---

4. We note that although the State maintained at trial that it filed a motion for disclosure in this matter, it was not included in the record on appeal and does not appear as an entry in the docket sheet.

5. All rule references are to Missouri Court Rules (2007).

dence would have played in the defense's theory." *Id.; see State v. Massey*, 867 S.W.2d 266, 269 (Mo.App.1993).

■ " 'As a matter of law, no abuse of discretion exists when the court refuses to allow the late endorsement of a defense witness whose testimony would have been cumulative, collateral, or if the late endorsement would have unfairly surprised the State.' " *Destefano*, 211 S.W.3d at 181 (quoting *State v. Williams*, 853 S.W.2d 371, 373–74 (Mo.App.1993)). "Exclusion of a witness may be proper when no reasonable justification is given for the failure to disclose the witness. If an explanation tends to show good cause for the nondisclosure, exclusion of a significant defense witness would likely be an abuse of discretion." *Martin*, 103 S.W.3d at 262 (internal citations omitted).

■ Here, Appellant gave no sound explanation for his failure to timely disclose Ms. Massengill as a witness. Given the facts of the case, it is not clear whether Ms. Massengill would have testified had she been placed under a subpoena. The fact that Appellant was unable to locate her did not preclude him from endorsing her as a witness.[6] In either event, this Court is left to speculate as to what Ms. Massengill's testimony would have been. Appellant made no offer of proof as to Ms. Massengill's testimony. This necessarily hampers our analysis as to the import of her testimony. "When a prospective witness is precluded from testifying, the proper procedure is for the person protesting such exclusion to preserve the anticipated evidence by an offer of proof in the form of questions and answers, or a summation by counsel of the proposed testimony, which should also demonstrate why such testimo-

ny was admissible." *Lopez*, 836 S.W.2d at 33. The only explanation of her possible testimony came from defense counsel, who merely indicated to the trial court that Ms. Massengill was present at the time Appellant was arrested.

After reviewing the record in this matter, it is our view the State would not have suffered substantial prejudice had Ms. Massengill been permitted to testify, *Martin*, 103 S.W.3d at 260; nevertheless, given the particular, factual circumstances of this case, reasonable people could differ about the propriety of the trial court's action in precluding Ms. Massengill from testifying. *See Destefano*, 211 S.W.3d at 181. Point denied.

The judgment of the trial court is affirmed.

LYNCH, C.J., and BURRELL, J., concur.

---

**6.** In its brief, the State suggests that Appellant's counsel and Ms. Massengill had prior discussions.