

# Missouri Court of Appeals

## Southern District

### Division Two

STEPHEN K. COX, )
)
             Appellant, )
)
    vs. )      No. SD33489
)      Filed: October 28, 2015
STATE OF MISSOURI, )
)
             Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable Mark E. Orr, Circuit Judge

### AFFIRMED

Stephen K. Cox ("Cox") appeals from the judgment of the motion court denying his amended Rule 29.15 motion to set aside his conviction of the class C felony of possession of a controlled substance. *See* § 195.202.[1] Because the motion court's decision to deny relief after an evidentiary hearing was not clearly erroneous, we affirm.

---

[1] All references to statutes are to RSMo 2000. All rule references are to Missouri Court Rules (2015).

**Facts and Procedural History**

Cox was tried before a jury on February 20, 2007, found guilty, and was sentenced to 15 years' imprisonment. On April 4, 2008, this Court affirmed Cox's conviction and sentence on direct appeal. *State v. Cox*, 248 S.W.3d 720 (Mo.App. S.D. 2008) ("*Cox I*").

We set forth only those facts necessary to complete our review.[2] In doing so, we view the evidence in the light most favorable to the motion court's judgment. *McCauley v. State*, 380 S.W.3d 657, 659 (Mo.App. S.D. 2012).

On July 6, 2006, members of COMET, a multi-jurisdictional drug task force, executed a search warrant at a residence where Cox resided and which he shared with Janet Massengill ("Massengill").[3] During a search of the small four-room house, officers found in three separate rooms: (1) a set of silver scales, a baggy of white residue in a coin pouch, and a wooden box containing marijuana and rolling papers; (2) two sets of black scales with white residue on them, "loaded syringes" and "unused syringes," a "baggy with a white residue in the trash can," and a green notebook "[t]hat contained names and money amounts inside"; and (3) a bag containing a white crystal substance inside a black cigarette case. In addition to the baggy found in the black cigarette case, a marijuana pipe and some marijuana were also found. When the search warrant was executed, Cox was in the living room of the home. He refused to answer any questions; however, Massengill told officers that the only items she knew of were "in one certain location" of the house. Cox was thereafter arrested and charged with the class C felony of possession of a controlled substance. The information was later amended to include Cox's status as a prior drug offender.

---

[2] We borrow from *Cox I* in recounting the background without further attribution.

[3] We note Massengill's name is spelled several different ways in the record on appeal. We have chosen to use this spelling as it is consistent with that used in *Cox I*.

On the first day of trial, Cox's trial counsel made an oral motion to endorse Massengill as a witness. Cox's counsel stated, "we were finally able to locate . . . Massengill. We had not previously endorsed her, frankly, because we haven't been able to locate her." Cox's counsel asked that he "be granted leave to have her as a witness" and "that the [c]ourt attach a body attachment for Ms. Massengill in that we had her served and asked her to be here at 8:00." The State objected to the late endorsement and the trial court sustained the State's objection.

Cox testified in his own defense and denied the allegations against him. Massengill was not present at trial, and no offer of proof was made. Cox's trial counsel called no other witnesses.

### *Proceedings Before the Motion Court*

On July 7, 2008, Cox timely filed a *pro se* motion for post-conviction relief. Thereafter, appointed counsel filed an amended motion[4] alleging, *inter alia*, that: (1) appellate counsel unreasonably failed to assert on appeal that insufficient evidence supported Cox's conviction for possession of methamphetamine; (2) trial counsel unreasonably failed to object that the search of Cox's residence was unreasonable; (3) trial counsel unreasonably failed to endorse and call Massengill to testify at Cox's trial; and (4) trial counsel failed to investigate and call Jeff Lockhart ("Lockhart") to testify at Cox's trial.

---

[4] We are compelled under *Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015), to examine the issue of timeliness, even if it is not raised by the parties. Cox's *pro se* motion was timely filed. Following the April 22, 2008 mandate issued in Cox's direct appeal, Cox filed his *pro se* motion on July 7, 2008, which was within 90 days as required by Rule 29.15(b). Counsel was appointed on July 9, 2008. After receiving a 30-day extension, appointed counsel did not file the amended motion until August 3, 2009, which was not within the 90-day total limit required under Rule 29.15(g). On December 21, 2009, counsel filed a "Motion to Consider Amended Motion Under Rule 29.15 as Timely Filed" in which counsel asserted Cox had cooperated and the untimely motion was not due to any fault of Cox. In the motion court's findings of fact and conclusions of law, filed on November 18, 2013, after an evidentiary hearing, it indicated that it was sustaining the motion to consider counsel's amended motion timely filed. Likewise, counsel's amended motion was timely for purposes of Rule 29.15(g) and *Moore*.

On November 16, 2011, an evidentiary hearing was held. The motion court took judicial notice of the underlying criminal case file and heard the testimony of several witnesses, including, as relevant here, Massengill, Lockhart, and Cox's trial counsel.

Massengill testified that the following items found and seized by law enforcement were owned by her: the coin pouch found in the kitchen containing methamphetamine residue; the wooden box containing marijuana; the two black scales found in the bedroom; the syringes, which she claimed were for the treatment of diabetes; the silver tin found in the bedroom containing marijuana; the marijuana found in her purse; and a black cigarette case. Massengill further testified she was willing and able to testify at Cox's trial and that her testimony would have been consistent with the testimony offered at Cox's post-conviction relief hearing.

Lockhart testified he owned Better Built Construction and that Cox worked for him as a laborer. Cox worked for him up until his arrest, and worked a minimum of 40 hours a week. Cox was an excellent worker and actually ran the crew. Lockhart was actually present at the trial and was willing to testify, but he was not called.

Cox's trial counsel testified that Massengill had been served with a subpoena, but did not appear, which was "very unexpected" as Massengill was the person who hired him to represent Cox. Trial counsel also stated that he had met Lockhart "during the trial"; however, he did not call him as a witness because he did not "think it would lend anything."

On November 18, 2013, the motion court entered its "Judgment and Findings of Fact and Conclusions of Law as to the Amended Motion to Vacate, Set Aside, or Correct the Judgment and Sentence" denying Cox's motion. The trial court found that the testimony provided at the evidentiary hearing clearly indicated that Cox's trial attorney knew of the witnesses, "but for

4

whatever reason, could not get them to testify[,]" and that trial attorney's failure to timely object did not ultimately affect the outcome of Cox's trial. This appeal followed.

Cox raises four points challenging the motion court's judgment. The issues for our determination are:

1.  Whether the motion court clearly erred in implicitly finding that Cox's claim of ineffective assistance of appellate counsel is not cognizable in a post-conviction relief motion and, if so, whether appellate counsel was ineffective for failing to challenge on appeal the sufficiency of the evidence offered to convict Cox;

2.  Whether the motion court clearly erred in finding that trial counsel was not ineffective for failing to preserve Cox's motion to suppress for appellate review;

3.  Whether the motion court clearly erred in finding that trial counsel was not ineffective for failing to have Massengill endorsed as a witness; and

4.  Whether the motion court clearly erred in finding that trial counsel was not ineffective for failing to investigate and call Lockhart as a witness.

## Standard of Review

"Review of a Rule 29.15 judgment is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous." ***Moore v. State***, 328 S.W.3d 700, 702 (Mo. banc 2010). "Findings and conclusions are clearly erroneous if, after reviewing the entire record, there is a definite and firm impression that a mistake has been made." ***Id.***

## Analysis

### *Point I – Failure to Raise Sufficiency of the Evidence on Direct Appeal*

At issue in Cox's first point is whether appellate counsel was ineffective for failing to raise on direct appeal that the evidence to convict Cox was insufficient. That conviction, possession of a controlled substance pursuant to section 195.202, required proof that Cox: (1) had conscious and intentional possession, actual or constructive, of the controlled substance;

5

and (2) was aware of the presence and nature of the substance. *State v. Smith*, 33 S.W.3d 648, 653 (Mo.App. W.D. 2000).

We begin by recognizing that the motion court's unstated but implicit finding—that Cox's claim of ineffective assistance of appellate counsel was not cognizable in a Rule 29.15 proceeding—is clearly erroneous. *See Collins v. State*, 54 S.W.3d 226, 229 (Mo.App. W.D. 2001). That being said, we will not reverse when the motion court reached the right result, even if it was for the wrong reason. *Curry v. State*, 438 S.W.3d 523, 524 (Mo.App. E.D. 2014); *see also Walker v. State*, 34 S.W.3d 297, 301-02 (Mo.App. S.D. 2000) (addressing sufficiency of the evidence where the motion court clearly erred in concluding that a claim of ineffective assistance of appellate counsel for failure to raise sufficiency of the evidence was not cognizable).

As observed in *Walker*, the standard for proving ineffective assistance of appellate counsel is a high one:

> Strong grounds must exist showing that counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective lawyer would have recognized it and asserted it. The right to relief inevitably tracks the plain error rule; i.e., the error that was not raised on appeal was so substantial as to amount to a manifest injustice or a miscarriage of justice.

*Walker*, 34 S.W.3d at 302 (internal quotations and citations omitted).

In this case, the police executed a search warrant of Cox's residence based on information about suspected methamphetamine use and distribution. Surveillance revealed that Cox's truck had been seen in front of the residence during the day and at night for several days immediately prior to the search, and Cox was present at the time of the search. The search revealed drugs (including substances the jury could have inferred to be drugs) and drug paraphernalia scattered throughout Cox's small four-room house, some of which were in plain

6

view. Massengill, who was also present, indicated to the police that she was aware only of items "in one certain location" of the house.

Cox argues that the evidence was insufficient because Massengill was present in the house during the search. However, the jury could have inferred that Cox was the principal occupant and, as such, had routine access to the areas of the house were drugs were located—an incriminating fact not destroyed by the presence of Massengill. *See State v. Tilley*, 104 S.W.3d 814, 821 (Mo.App. S.D. 2003). The "easy accessibility to the drugs, whether others have the same accessibility or not," is an incriminating fact that supports a finding of constructive possession. *State v. Gonzalez*, 108 S.W.3d 209, 211 (Mo.App. S.D. 2003).[5]

In light of the foregoing, sufficient evidence was adduced at trial to support Cox's conviction. "Appellate counsel is not ineffective for failing to assert a claim which would not have resulted in reversal had it been raised on direct appeal." *Walker*, 34 S.W.3d at 302. Point I is denied.

### *Point II – Failure to Preserve Motion to Suppress*

Regarding his second point—that trial counsel was ineffective for failing to preserve Cox's motion to suppress for appellate review—Cox concedes that under controlling precedent, "[t]he failure to preserve error for appellate review is not cognizable in a Rule 29.15 motion." *Strong v. State*, 263 S.W.3d 636, 646 (Mo. banc 2008). "Instead, post-conviction relief for ineffective assistance of counsel is limited to errors that prejudiced the defendant by denying him

---

[5] In support of his argument, Cox cites several cases in which there was insufficient evidence to establish defendants' constructive possession of controlled substances where the controlled substances were discovered on jointly controlled premises. *See State v. Tomes*, 329 S.W.3d 400 (Mo.App. E.D. 2010); *State v. Smith*, 33 S.W.3d 648 (Mo.App. W.D. 2000); *State v. West*, 21 S.W.3d 59 (Mo.App. W.D. 2000). We find these cases factually distinguishable in that they either involve situations where: (1) the defendant did not have access to the areas of the premises where the controlled substances were discovered or the controlled substances were hidden (*West*); or (2) other individuals, and not the defendants, had been alone in the proximity of the controlled substances immediately before discovery (*Tomes*, *Smith*). In this case, all of the incriminating items discovered had been easily accessible and Cox was present in their vicinity at the time of the search.

a fair trial." ***Id.*** The motion court found that Cox "was not deprived of his right to a fair trial" as a result of trial counsel's failure to preserve Cox's motion to suppress, and Cox does not dispute this finding on appeal.

Although he does contend that the aforementioned precedent in ***Strong*** should be re-examined, Cox correctly observes that the court of appeals is constitutionally bound to follow the most recent controlling decision of our supreme court. ***State v. Keightley***, 147 S.W.3d 179, 184-85 (Mo.App. S.D. 2004) (citing Mo CONST. art. V, § 2). In light of the foregoing, Cox candidly acknowledges that he briefed Point II only so that it may be preserved in the event this case is transferred to our supreme court.

Whatever the merits of Cox's argument that existing precedent should be re-examined, he is correct that the issues presented are not for this Court to decide. The motion court did not clearly err in finding trial counsel was not ineffective for failing to preserve Cox's motion to suppress for appellate review. Point II is denied.

### Point III – Failure to Endorse Massengill as a Witness

For Point III, Cox contends that the motion court clearly erred in denying his claim that trial counsel was ineffective for failing to endorse Massengill as a witness until the morning of trial. To support his claim of ineffective assistance of counsel, Cox was required to show: (1) that trial counsel's performance was so deficient that it fell below an objective standard of reasonable competence, and (2) that prejudice resulted thereby. ***Strickland v. Washington***, 466 U.S. 668, 687; 104 S.Ct. 2052; 80 L.Ed.2d 684 (1984). "A reviewing court need not consider the performance prong before the prejudice prong and may dispose of the claim on lack of sufficient prejudice alone." ***Reynolds v. State***, 87 S.W.3d 381, 384 (Mo.App. S.D. 2002). To satisfy the prejudice prong, the movant must show there is a reasonable probability that, but for counsel's

8

alleged errors, the outcome of the proceedings would have been different. ***McDaniel v. State***, 460 S.W.3d 18, 28 (Mo.App. E.D. 2014).

The motion court denied Cox's claim on the basis that "[t]he testimony provided during the evidentiary hearing clearly indicates that [Cox]'s trial attorney knew of the witnesses but for whatever reason, could not get them to testify." Cox claims that "no evidence" supports the motion court's finding and specifically notes that Massengill testified before the motion court that she was willing and available to testify at Cox's trial. Cox's argument misses the mark.

Cox ignores other evidence before the motion court, namely that Massengill did not appear at Cox's trial despite having been subpoenaed to do so. In fact, trial counsel's last-minute attempt to have Massengill endorsed as a witness—the basis for Cox's claim of ineffective assistance of counsel—was coupled with an acknowledgement of Massengill's failure to appear and a contemporaneous request for a writ of body attachment.

Notwithstanding these facts, Cox points to Massengill's testimony at his post-conviction relief hearing where she claimed (nearly five years later) that she was willing and able to testify at Cox's trial that all of the drugs found belonged to her. The flaw here is that the motion court apparently did not credit this testimony and was under no obligation to do so. *See **Stacker v. State***, 357 S.W.3d 300, 304 (Mo.App. S.D. 2012). Furthermore, our standard of review requires that we defer to such credibility determinations. *See **Lynn v. State***, 417 S.W.3d 789, 801 (Mo.App. E.D. 2013).

In short, the burden rested with Cox to convince the motion court that but for trial counsel's failure to timely seek Massengill's endorsement, the outcome of the proceedings would have been different. He failed to do so, thus dooming his claim of ineffective assistance

of counsel. The motion court did not clearly err in finding trial counsel was not ineffective for failing to have Massengill endorsed as a witness. Point III is denied.

### Point IV – Failure to Investigate and Call Lockhart as a Witness

In Point IV, Cox challenges the motion court's denial of his claim that trial counsel was ineffective for failing to call Lockhart as a witness. Cox argues that no evidence supported the motion court's finding that "[t]he testimony provided during the evidentiary hearing clearly indicates that [Cox]'s trial attorney knew of the witnesses but for whatever reason, could not get them to testify" as this finding applied to Lockhart. The motion court's finding is questionable in light of the fact that the record contains no indication that Lockhart was unable or unwilling to testify. Furthermore, Lockhart was present at Cox's trial, unlike Massengill, yet trial counsel made no effort to call him as a witness.

Nevertheless, as already mentioned in our analysis of Point I, *supra*, we will not reverse when the motion court reached the right result, even if it was for the wrong reason. **Curry**, 438 S.W.3d at 524. Here, Cox argues that "Lockhart would have testified that [] Cox was a good and dependable worker, and this would have corroborated [] Cox's testimony that this behavior did not match someone who was using methamphetamine[.]" This argument all but concedes that Lockhart's testimony would have been cumulative to Cox's own testimony. "Counsel is not ineffective for not presenting cumulative evidence." **Johnson v. State**, 388 S.W.3d 159, 167 (Mo. banc 2012).

Moreover, trial counsel testified that he did not consider calling Lockhart as a witness at Cox's trial because he did not "think it would lend anything." "Reasonable choices of trial strategy, no matter how ill-fated they appear in hindsight, cannot serve as a basis for a claim of ineffective assistance." **Barton v. State**, 432 S.W.3d 741 (Mo. banc 2014). The motion court

10

did not clearly err in finding trial counsel was not ineffective for failing to investigate and call Lockhart as a witness.  Point IV is denied.

The judgment of the motion court is affirmed.

WILLIAM W. FRANCIS, JR., J. – AUTHOR

DON E. BURRELL, P.J., - Concurs

GARY W. LYNCH, J. - Concurs